PALMER *v.* FAIR Co.*

(Division B.   Oct. 19, 1925.)

[105 So. 513.   No. 25095.]

1. VENDOR AND PURCHASER. *Purchaser held charged with notice of option in lease for renewal.*

   Purchaser knowing that person was in possession under unrecorded lease was put on inquiry as to its terms, and, making no inquiry, was charged with notice of the option in the lease to renew, which it is inferable would have been disclosed had inquiry been made.

2. LANDLORD AND TENANT. *Letter held sufficient notice of intent to exercise option to renew lease.*

   Letter by lessee to lessors a month before expiration of lease, informing them that he desired renewal of lease, was sufficient written notice of intent to exercise option to renew.

3. TRIAL. *Oral testimony of writing, being admitted without objection, considered.*

   Testimony showing that written notice by letter was given and received, being admitted without objection, will be considered.

4. LANDLORD AND TENANT. *Option in lease held to be considered one for renewal.*

Option in terms of five years on the building at expiration of above
lease, given by lease of building for five years, *held* to be con-
sidered option for renewal for five years on the same terms.

*Headnotes 1.   Vendor and Purchaser, 39 Cyc., p. 1756; 2. Landlord
and Tenant, 35 C. J., Section 150; 3. Trial, 38 Cyc., p. 1396; 4.
Landlord and Tenant, 35 C. J., Section 163.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Action between W. B. Palmer and the Fair Company.
From an adverse judgment, Palmer appeals.   Reversed
and judgment rendered.

*H. H. Rodgers,* for appellant.

This was an original action before a justice of the
peace by appellee to remove tenant, the appellant, under
section 2385, Hemingway's Code.

In construing a lease to determine whether it is a
lease with an option of renewal requiring notice of the
intent of the lessee to renew before its expiration or
whether it is a lease with an option of extension not
requiring such notice, notice being implied by the ten-
ant's remaining in possession after the expiration of the
lease unless otherwise provided, the court will consider
the entire instrument alleged in the bill.   See *Crenshaw-
Gary Lumber Co.* v. *Norton et al.,* 72 So. 140, a Mis-
sissippi case, which is conclusive upon the proposition
as to the whole instrument being construed together and
the synonymous use of the terms "renewal and exten-
sion."

Now, as to the whole clause of said lease not mention-
ing the amount of monthly rent, it was not needful to
mention it there, because it was further agreed by the
parties that the said Palmer should have an option of
five years on the said building.   What kind of an option
could have been meant except to have the use of the
building for five years longer after the expiration of the

first five years, just as he had had it with the same terms, the same rights and all. It was left optional to the said Palmer and his assigns or transferees whether they would use and occupy said property for five years longer. Quoting 4 Kent (12 Ed.), sec. 109, note, "A covenant to renew the lease implies the same term and rent." This same proposition is embodied in 16 R. C. L., page 887, sec. 390.

Now, this is conclusive of the proposition that even if a lease says that it gave the tenant the option of lease after the aforesaid time, being indefinite as to time, then it is implied that it would be at least for one year.

Now, in the case at bar, the option is given for five years after the expiration of the first five years in the lease. See 96 Am. St. Rep. 412, in which a distinction is made between a renewal and an extension of time, holding that if a tenant under a lease for a definite period with the privilege of a certain number of years more holds over, he is bound for the further term. Not only in the present case can the appellant hold said property, which is bound by the option of five years beginning at the expiration of the first five years, but the appellee with all this record, notice, and knowledge could hold the appellant liable for the extended term of five years because said appellant elected to accept the said option and continue the lease after the expiration of his term. 27 So. 237, 3 Miss. Digest, Landlord and Tenant, sec. 83.

Further, the appellee knew that the said appellant was in actual possession, as he swore in his evidence. Now, the proof in this case conclusively shows that Fair's business adjoins the appellant's on the east, and that for a great number of years they had been there, during all this time the appellee knew that the appellants were in possession actual, peaceable in every respect in this building.

Now, upon the proposition of holding over and refusing to pay, we contend that the tender of said rent money

had been legal and regular. When a person refuses to accept money, all that the tenderer can do is to present same; and, after a refusal to accept same, it is not necessary under the law to make the tender again. Judgment in this behalf should be rendered against the plaintiff for all cost and the plaintiff allowed to pay thirty dollars per month for the time from the 31st day of August, 1924, up to the present time. Further, the doctrine in Mississippi in *Crenshaw-Gary Lumber Co.* v. *Norton,* 72 So. 140, is that the option of extension and option of renewal are substantially synonymous. And it is further held as a general rule in construing provisions relating to options, where there is no uncertainty whatever, the tenant is favored, because the landlord has the power of stipulating in his own favor; and, if he neglects to do so, all the implications are in the tenant's favor. 130 A. S. R. 988, 67 L. R. A. 353.

Where there is no definite termination when the lease shall expire, then it is based upon a contingency, but in the case at bar there is no contingency whatever in this matter. *McClintock* v. *Joiner,* 27 So. 837, holds: (1) Where a lease provides that the tenant shall have the right of renewal, such right may be assigned. (2) Where a lease provides for renewal and no limit is fixed, the option continues during the term. (3) An action will lie for refusal by landlord to renew a lease as provided for by its terms.

Now, was the appellee an innocent *bona-fide* purchaser for value without notice? The evidence shows that the appellees were not innocent purchasers without notice. Now, we submit that the said appellees had knowledge of said lease on said building from Parkes et al. when he purchased it, coupled with the fact that the defendant and his assigns and his joint partner, J. M. Howell, have been and are now in constant and continuous possession.

The plaintiff did not record his deed until more than two years after he had purchased said property and long

after the lease had been recorded; and, further, the appellee never stated when he paid the consideration mentioned in said deed, whether he paid it cash or after the lease and all the assigns had been placed on record. Section 2291, Hemingway's Code, is the same as section 2457, Code of 1892, as quoted and explained fully in one of the leading cases in Mississippi, styled *Woods* v. *Garnett et al.*, 16 So. 390. The construction of this statute as explained has no application whatever to a·person with notice of a claim or sale or lease of lands, and in said statute only creditors, subsequent purchasers for a valuable consideration without notice are protected.

*Edward M. Livingston,* for appellee.

I.   The pretended option clause can at most be only a privilege granted to the appellant to make a new lease at the expiration of the original term covered therein. However, our contention in addition to this is that the option clause is vague and indefinite in its purport, and conveys no right to the appellant; certainly, it could convey no vested right.

II.   The lease contract itself, construing it in its broadest terms, conveys only the idea that the so-called option clause can at most be an optior. to make a new lease at the expiration of the five-year period ending August 1, 1924, and can under no construction mean an option to renew or extend the existing lease. The intention of the parties is clearly shown by the appellant in the assignment or transfer of the lease to C. Wood.

The assignment itself shows the inten.' m of the appellant and shows conclusively that the lease ended on the first day of August, 1924, and that he recognized no rights in the option clause; but, on the other hand, refuted any liability that might attach to him on account of said option clause.

The intention of the option clause could at most mean nothing save the privilege of the appellant to make a

new lease upon such terms and conditions as might be agreed upon at the expiration of the five-year period. The so-called option clause in the lease is not sufficiently clear to grant a vested right in the appellant; the distinction between the right of extension and renewal is made in 16 R. C. L., sec. 389, page 885.

It is further our contention that the so-called option clause is void for uncertainty. The option fixes no consideration to be paid and suggests none to be paid, neither does it state whether it is an option to lease or to buy the building, and is so vague and indefinite that it cannot be determined as to just what is meant by the option clause. *Streit* v. *Fay,* 120 A. S. R. 304; *Reed* v. *Campbell,* 4 At. 433.

In *Howard* v. *Tomicich,* 33 So. 493, our own court passed upon an option clause similar in meaning and purport to the one in question here. We think that, under the rule laid down in the authorities above cited, the option clause is void for uncertainty; but if not void, it could, at most, give the appellant the right only to make a new lease, in which event no vested right was conveyed to the appellant by the execution and delivery of the original lease.

Nowhere in the record is a notice of any kind to The Fair Company shown. The nearest evidence that approached notice was the testimony of F. L. Fair, wherein Mr. Fair testified that counsel for appellant delivered a letter on July 3, 1924, to the witness, F. L. Fair, but this testimony does not even approach the requirements of law. If a written notice was given, the notice itself was the best evidence. Appellant did not undertake to show that the notice was not available; did not undertake to introduce a copy of the notice in evidence; and, furthermore, he did not undertake to prove the contents of the notice; and we submit that no notice was given that complies with the law. Section 2380, Hemingway's Code.

The statute makes express provisions as to the time and character of notice to be given by the landlord to

terminate the tenancy and to be given by the tenant to determine a tenancy; and, if appellant had introduced a written notice dated July 3, 1924, it would have availed him nothing; and the only attempt at notice claimed by appellant was given only twenty-seven days before the termination of the lease contract, the pretended option clause being for a period of five years and no notice having been given to appellee of appellant's intention to continue the occupancy of said building brings the case clearly within the statute of frauds and vitiates the option clause. *Copiah Hardware Co.* v. *Johnson*, 100 So. 531.

We most respectfully submit that under the testimony and the authorities cited, appellant is a tenant holding over after the expiration of his term, with no rights to the building in question, and that the learned circuit judge was eminently correct in his opinion, and that this cause should be affirmed, both as to issues of fact and law as hereinbefore pointed out.

*H. H. Rodgers* and *Flowers, Brown & Hester,* in reply, for appellant.

I.  Did appellee purchase the building in question without notice of option clause contained in the lease thereon?  The lease contract was not recorded at the time the parties composing appellee company purchased the building.  But appellant was in possession of the building under his lease at the time of such purchase and the sellers told appellee (or the persons composing appellee company) that appellant had a lease thereon, expiring August 1, 1924, but did not inform them of the option clause therein.  Appellee made no inquiry of appellant of the terms and conditions of his lease, but relied on the statement of the sellers that the lease expired August 1, 1924.  It has been the law in Mississippi from an early date that possession of property

by a tenant gives notice to the world of the terms and conditions of his lease.

In fact, if inquiry is not made, the purchaser or incumbrancer is charged with what the inquiry would have disclosed. *Kirby* v. *Bank of Carrollton,* 102 Miss. 191, 59 So. 10, settles this question and leaves no room for further debate on it. The same principle was recognized in *Corinth Bank & Trust Company* v. *Wallace,* 111 Miss. 62, 71 So. 766, where it was held that an unrecorded assignment of a lease by the lessor (rent notes) would not be presumed from the possession of the tenant.

In the instant case, appellee was told by the sellers that appellant had a lease on the building sold, expiring August 1, 1924. This was in addition to the notice given by the tenant's possession. But this did not relieve appellee of the necessity of making inquiry of appellant of the terms and conditions of his lease. If appellee had inquired of appellant, he would have been told of the option clause. If the inquiry had been made and information of the rights claimed under the option clause withheld, appellant could not now assert any rights under it, but since appellee had made no such inquiry, but relied on the representations of the sellers, recourse for damages is against them. Appellant is not to blame, and his rights cannot be defeated because of the imprudence of appellee.

II.  Proper declaration in writing of the intention of appellant to exercise the option was given. Judge LAMB held that under the lease contract it was necessary for appellant to give appellee notice in writing of his intention to exercise the option to renew his lease, because renewal was for five years and under the statute of frauds was required to be written. He held further that the record failed to show that such written notice was given. The record expressly shows that such notice was given appellee. It is true that the record does not contain a copy of the notice, but it affirmatively shows that

such notice was given. Appellee admitted that the notice was given.

III. But we do not think written notice by appellee of his intention to extend the lease was necessary. The clause in the lease under consideration gave appellant the right to extend the lease for five years, according to the same terms and conditions stipulated for the first five years. Appellant was not obligated to extend the lease. It was optional with him. The ` lease did not require appellant to give notice of his intention to continue to hold the property, and in the absence of a provision requiring such notice, it is not required, but is presumed from the lessee's continuing in possession. 2 Underhill on Landlord and Tenant, sec. 803, page 1362; sec. 807, page 1377. The above quotations were cited and followed by our court in *Crenshaw-Gary Lumber Co.* v. *Norton,* 72 So. 140. See also 16 R. C. L., sec. 389, page 885.

IV. Is the option clause providing for extension sufficiently definite and certain to be effective?

The clause as drawn provides for everything except the amount of rent and the manner of paying it. The original lease provided for thirty dollars monthly, in advance. 16 R. C. L., sec. 388, page 844. *Thomas Hinds Lodge No.* 58, *F. & A. M.* v. *Presbyterian Church of Fayette,* 103 Miss. 130, 60 So. 66. 11 Underhill on Landlord and Tenant, sec. 805, page 368. Taylor's Landlord and Tenant (9 Ed.), sec. 332, page 408. 17 R. C. L., sec. 390, page 887; . *Howard* v. *Tomicich,* 81 Miss. 703. We refer the court to the very able brief of judge ROBERT MAYES filed in the *Howard case, supra,* together with the authorities therein recited.

The lease in the instant case, after providing for the term, the amount of rent to be paid, and the manner in which payable, contained the following clause: ''Further, the said J. B. and M. J. Parkes, parties of the first part, agree to give the said W. B. Palmer, party of the

second part, an option of five years on the above stated building at the expiration of the above lease.''

It is our contention that this covenant is synonymous in meaning with the covenant in the Tracy case. This option to renew the lease at the expiration of the term of the original lease was given at the time the original lease was executed and for the same consideration. To us it appears that the evident intention of the lessors was to lease the building to Palmer for five years at thirty dollars per month, payable monthly, and to give him the right to extend this lease for a like term and for the same rent for five years from the date of the expiration of the original lease. No time was stipulated. in the lease when appellant should exercise his option to extend or renew for five additional years. He, therefore, had the right to extend the term at anytime before the expiration of the original lease. *McClintock* v. *Joyner,* 77 Miss. 678, 27 So. 337, 78 Am. St. 541. This case holds that where no time within which the right to renew is stated, that the option may be exercised at any time before the expiration of the original lease; also, that the right to renew or extend is assignable.

Argued orally by *C. L. Hester* and *H. H. Rodgers,* for appellant, and *Edward M. Livingston,* for appellee.

H,OLDEN, P. J., delivered the opinion of the court.

On August 11, 1919, J. B. Parkes and M. J. Parkes entered into a written contract of lease with appellant, W. B. Palmer, covering a certain building situated in the town of Louisville, Miss. The lease was in the following form:

''State of Mississippi, Winston County:

''This contract was made and entered into and between J. B. and M. J. Parkes, parties of the first part, and W. B. Palmer, party of the second part, witnesseth: That the said parties of the first part hereby rents or leases

unto the said party of the second part, the barber shop building situated on the south side of Main street in the town of Louisville, Winston county, Miss., and bounded on the east side by the Fair Company grocery store, and on the west by the J. S. Carr grocery store and now occupied by the said W. B. Palmer, for a period of (5) five years beginning August the 1st, 1919, and running to August the 1st, 1924, for the sum of ($30) thirty dollars per month payable monthly on the first of each month during the entire term of five years for which lease is granted. Further, the said J. B. and M. J. Parkes, parties of the first part, agrees to give the said W. B. Palmer, party of the second part, an option of (5) five years on the above stated building at the expiration of the above lease.

''In witness hereof we hereunto subscribe our names this the 11th day of August, 1919.

"J. B. & M. J. PARKES.
"W. B. PALMER.''

The lease was not acknowledged nor recorded. Following this there were some intervening assignments of the lease, which it is unnecessary to set out in order to present the questions involved in the case. Finally, J. M. Howell conveyed to appellant a one-half interest in the lease in question, and this assignment was filed for record in January, 1924.

On March 15, 1920, the said J. B. Parkes and M. J. Parkes conveyed the leased property by deed to D. L. Fair, Claude Fair, and Frank Fair, who composed the Fair Company, appellees herein, and the question involved in this lawsuit is whether or not the Fair Company are entitled to the possession of the building involved as against the appellant, who claims that he exercised the option to renew or extend the lease for five years after its expiration, August 1, 1924, as provided in the lease.

The lower court held that the Fair Company was entitled to the possession of the property upon the

expiration of the lease, August 1, 1924, because, first, that the Fair Company was an innocent purchaser of the building without notice of the option to renew the lease at its expiration, and that the Fair Company had no notice of the intent to exercise the option to renew the lease by the appellant; and, second, that there was no notice in writing by the optionee that he intended to renew or extend the lease after its expiration.

The record discloses without dispute that at the time the appellee Fair Company purchased the property the appellant was in possession of it under the lease. The Fair Company also knew before the expiration of the lease that the appellant was holding the property under the lease, but the Fair Company did not know the lease contained an option for an extension or renewal of it for five years, but they had knowledge that appellant was in possession of the property under the lease. The Fair Company under these circumstances made no inquiry of appellant as to the terms of his lease, and it is inferable that if inquiry had been made the option to renew in the contract would have been disclosed to the Fair Company.

Under this state of facts we think the possession of the property was notice to the Fair Company sufficient to put them upon inquiry as to the terms of the lease by which appellant held possession of the property, and, having failed to make inquiry, it is our opinion the Fair Company was charged with notice of the terms of the lease, which included the option given appellant to renew or extend for five years after August 1, 1924. *Kirby* v. *Bank of Carrollton,* 102 Miss. 191, 59 So. 10.

On the second proposition, as to whether the appellant gave written notice that he intended to exercise the option to renew or extend the lease at its expiration, we find from the record that written notice in the form of a letter was given by appellant, in which he advised the appellees that he desired to extend the lease at its expiration. This notice was a written letter, and the appellee, Fair Company, testified that they received it

about a month before the expiration of the lease, and that it adequately informed them that the optionee desired an extension or renewal of his contract of lease on the building. We think this was a sufficient written notice of the intention of the appellant to accept or exercise the option to renew or extend the lease, if indeed express notice was required at all, and it follows that by such notice the right to hold accrued to appellant.

Much is said by counsel *pro* and *con* as to whether the lease here involved was one of renewal or one of extension, and whether express notice was required in either event, and whether or not remaining in possession by the tenant was sufficient notice under this form of contract of lease. *The Crenshaw-Gary Lbr. Co. v. Norton,* 111 Miss. 720, 72 So. 140, L. R. A. 1916E, 1227, is referred to by counsel as controlling in the instant case. But we deem it unnecessary to discuss whether or not the lease involved in the case at bar is one where the option is given to extend or is given to renew the lease, because in either event it would be immaterial, since written notice of the intent to renew or extend was given.

It is also contended by the appellees that the letter giving the notice of intention to renew the lease was not introduced in the record, and therefore the testimony of appellees that they received the letter and that it gave them notice of the intention to renew is insufficient to constitute a written notice of the intention to renew under the option in the contract. This view is not sound, in our opinion, because the testimony showing that notice in writing was given and received by letter was admitted before the court without objection, and therefore it is not to be excluded, but is to be considered for what it is worth, and, as we have said, the testimony of appellees shows that the letter was a sufficient notice of the intent to renew the lease.

The intent of the parties is to be considered in determining the meaning of the option in the contract, and we think the option in the lease before us was one for a re-

newal for five years on the same terms as the existing lease. The language used in the lease is not perfectly plain in this construction, but, taking the instrument as a whole, we feel justified in the conclusion that the parties intended that the option be one of renewal for five years upon the same terms.

There are other. questions, some of which are wholly without merit, presented in the case, but we think it is unnecessary to consider them, because the views reached above must result in a reversal of the judgment of the lower court and a rendition of judgment for appellant here. Therefore the judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed, and judgment here for appellant.*