935 So.2d 1030 (2005)
Modena BUCKLEY and Keith Buckley, Appellants
v.
William GARNER, Appellee.
No. 2004-CA-00158-COA.
Court of Appeals of Mississippi.
August 23, 2005.
Rehearing Denied May 30, 2006.
*1031 Pat Donald, attorney for appellant.
P. Shawn Harris, Forest, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. William Garner filed a petition against Modena Buckley and Keith Buckley in the Scott County Chancery Court. In the petition, he alleged that he and Modena had previously entered into a lease agreement which granted him an option to purchase a certain tract of land but that Modena subsequently sold the land to her son, Keith. Garner sought specific performance of the option agreement. After a hearing on the matter, the chancellor found that Garner's option to purchase the land superceded Keith's warranty deed and granted Garner's request for specific performance. Aggrieved, Modena and Keith now appeal the chancellor's decision.
¶ 2. We have thoroughly reviewed the record and find no reversible error; therefore, we affirm the chancellor's ruling.

FACTS
¶ 3. On May 20, 1998, Modena and Garner entered into an agreement wherein Modena agreed to lease Garner approximately twenty-seven acres of land for five years with an option to purchase for $45,000 at the end of the five-year period.[1] The agreement, which was never recorded in the chancery clerk's office, provided in pertinent part:
I Modena Buckley agrees [sic] to lease to William C. Garner 27.15 acres of land, known as the Joel Buckley place located approximately 4 miles south of Morton on Springfield Road for five years, with option to buy for $45,000 are [sic] lease again at the end of the five years.
William C. Garner agrees to keep place bush hogged and cleaned up with the option to demolish or repair the house located on the place.[2]
William C. Garner agrees to leave the barn and contents as is for the next five years.
The contents of the house, I give to Juanita Garner.
¶ 4. Thereafter on October 9, 1999, Modena executed a warranty deed conveying the same twenty-seven acres of land to Keith, and the deed was promptly recorded in the clerk's office. Three years later when Garner contacted Modena, expressing a desire to exercise the option contained in their prior lease agreement, he was informed that the property had been conveyed to Keith. Garner then contacted *1032 Keith about the property, and Keith informed him that he had no desire to sell.
¶ 5. In response, Garner filed an action against Modena and Keith seeking specific performance of the option. Keith countered that he had provided sufficient consideration for the property, and was unaware of Garner's existing option. After a hearing, the chancellor found that Keith was not a bona fide purchaser for value without notice and ordered Modena to convey the property to Garner within thirty days upon receipt of Garner's tender of the $45,000 purchase price.

ANALYSIS AND DISCUSSION OF THE ISSUES

Standard of Review
¶ 6. "[We] will not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous." Estate of Dykes v. Estate of Williams, 864 So.2d 926, 930(¶ 9) (Miss. 2003) (citing In re Conservatorship of Bardwell, 849 So.2d 1240, 1245(¶ 16) (Miss. 2003)). "If there is substantial evidence to support the chancellor's findings of fact, those findings must be affirmed." Id. "However, this court reviews questions of law de novo." Estate of Dykes, 864 So.2d at 930(¶ 9) (citing Morgan v. West, 812 So.2d 987, 990(¶ 7) (Miss.2002)).

Bona Fide Purchaser Status
¶ 7. On appeal, Keith primarily argues that he tendered valuable consideration in exchange for the warranty deed from Modena and was without notice of Garner's existing option. Keith contends that as a result, he became a bona fide purchaser for value, and as such, Garner's option is unenforceable against him.
¶ 8. In order to defeat the option, Keith must prove that he was a bona fide purchaser, that is, a purchaser for a valuable consideration without actual or constructive notice of Garner's unrecorded option. See Mills v. Damson Oil Corporation, 686 F.2d 1096, 1100 (5th Cir.1982) (citing Woodruff v. Bates, 210 Miss. 894, 50 So.2d 559 (1951)). "A valuable consideration is paid by one who, at the time of his purchase, advances a new consideration, surrenders some security, or does some other act which, if his purchase were set aside, would leave him in a worse position than that which he occupied before the purchase." Mills, 686 F.2d at 1100 (citing Boon v. Barnes, 23 Miss. 136, 139 (1851)).
¶ 9. We first review the evidence on whether Keith possessed actual or constructive notice of the option. During the hearing, Keith testified that he first became aware of the option in December 2002 when Modena forwarded him a letter from Garner's attorney seeking to enforce the agreement. Similarly, Garner even conceded that there was no direct evidence that Keith possessed knowledge of the option.
¶ 10. The chancellor concluded that the evidence presented during the hearing failed to establish that Keith had knowledge of the option prior to Modena's conveyance of the property to him.[3] We have thoroughly reviewed the record and find no evidence that contradicts the chancellor's finding that Keith had actual knowledge of the option. However, even if Keith did not have actual knowledge of the option, he could still be denied the status of a bona fide purchaser for value without notice because he would be chargeable *1033 with inquiry notice if he knew that Garner was in possession of the property under the lease. Palmer v. Fair Co., 140 Miss. 294, 105 So. 513 (1925); cf. Gulf Refining Co. v. Travis, 201 Miss. 336, 365, 29 So.2d 100 (1947). One chargeable with inquiry notice is "`chargeable with notice, equivalent in law to knowledge, of all those further relevant facts which such inquiry, if pursued with reasonable diligence, would have disclosed.'" Credit Lyonnais New York v. Koval, 745 So.2d 837, 842(¶ 27) (Miss.1999) (quoting Crawford v. Brown, 215 Mis. 489, 503, 61 So.2d 344, 350 (1952)).
¶ 11. The chancellor did not address the question of whether Keith was placed on inquiry notice as a result of Keith's knowledge that Garner was using the land in question, and we decline to address it here because it is a question of fact to be resolved at the trial level. However, no matter the answer to the question, Keith cannot prevail as a bona fide purchaser, because, as we discuss later in this opinion, he gave no consideration for the transfer of the land to him.
¶ 12. We next review the evidence on the issue of consideration for the warranty deed from Modena to Keith. The deed from Modena to Keith specifically acknowledges a consideration of ten dollars and "other good and valuable consideration." Keith contends that as a result, the burden of proof shifted to Garner to prove that Keith was not a bona fide purchaser for value without notice. That may be true, but even so, there was ample evidence to support the chancellor's finding that Keith tendered no consideration for the deed.
¶ 13. During the hearing, Keith testified that he could not recall giving Modena $10 in exchange for the property. Modena testified that Keith promised to pay her moving and living expenses in exchange for deeding the property to him. Modena further testified that while she had future intentions of moving to Texas, she had no intentions of moving on the day that she deeded the property to Keith.[4] When asked whether she thought Keith would have still helped her move to Texas even if she had not owned any property, Modena responded that she did.
¶ 14. The record reflects that Keith subsequently fulfilled his promise to Modena by moving her to Texas and paying her living expenses. Keith, however, testified that he would have moved Modena and paid her expenses notwithstanding her conveyance of the property to him. During Garner's case-in-chief, Keith specifically testified as follows:
Q. (By Mr. Harris) At the time you were deeded this property in 1999, your mother had not made the decision, well, I'm going to move out there with Keith on any particular date, had she?
A. I don't know what decision she had made.
Q. You and she had not discussed her moving out there with you on any particular date?
A. Oh, yes, we had discussed it.
Q. What had you discussed?
A. Do what?
Q. What had you discussed?
A. What had I discussed?
Q. Yes, sir, with her about a particular date.

*1034 A. We didn't discusswell, we discussed when she was ready that it was available.
Q. But you hadn't discussed any particular date, that she would move out here on such and such date?
A. Oh, no.
Q. So, when you were deeded the property, you didn't know if that would happen in two days or two years or three years into the future, did you?
A. That is correct.
Q. If your mother had not owned any property in Scott County or Hinds County and she was going to move out there and live with you, would you still be willing to pay for her moving expenses?
A. Sure.
Q. And her living expenses like you have?
A. Yes.
¶ 15. After thoroughly considering the evidence, the chancellor found that because Keith would have paid Modena's moving expenses and would have taken care of her anyway, Keith did not change his position or give up anything in exchange for the property. The chancellor concluded that as a result, Keith's promise to Modena was insufficient consideration to support a valid warranty deed and to protect him as a bonafide purchaser for value.
¶ 16. We agree with the chancellor's findings. The record clearly reflects that Keith did not suffer a detriment as a result of his promise to Modena. Keith specifically testified that he would have moved Modena and paid her expenses notwithstanding her transfer of the property to him. As a result, we find that Keith's promise was gratuitous in nature and was, therefore, insufficient to protect him as a bonafide purchaser for value. Therefore, the chancellor did not err in concluding that Garner's option superceded Keith's warranty deed and in ordering specific performance of the option.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES, AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.
NOTES
[1] Modena, who was eighty-one years old at the time of the hearing, testified that the document was prepared by Juanita Garner, the appellee's mother. Modena also testified that she signed the document without first reading it.
[2] The chancellor found that Garner's agreement to take care of the property and keep it clean constituted sufficient consideration for the option.
[3] Garner argued that due to Keith and Modena's mother/son relationship, a presumption existed that Modena had communicated the existence of the option to Keith. The chancellor, however, concluded that no such presumption existed.
[4] The record reflects that when Modena finally moved to Texas in August 2000, she lived with Keith and his wife for a year and a half before moving into an assisted living facility for senior citizens. Keith, however, continued to pay her living expenses.