IRVING, J„
For the Court:
¶ 1. This appeal emanates from an order of the Chancery Court of Hinds County denying La Nelle Spence, an heir to the estate of Flo Scott Holt (Aunt Flo), the right to an accounting of the estate. Spence, feeling aggrieved, effectuated this appeal raising, as her sole issue, the question of whether she is entitled to an accounting. Finding no reversible error, we affirm the chancery court’s denial of Spence’s petition for an accounting.
FACTS
¶ 2. Following the death of her husband, Charles Scott, Aunt Flo granted a durable power of attorney to Tom Scott, Jr. and his son, Tom Scott, III. Tom Scott, Jr. was the nephew of Charles Scott. For a period of approximately eleven years, the Scotts acted on behalf of Aunt Flo pursuant to the power of attorney and performed many tasks including obtaining and maintaining home nursing care for her. On August 1, 1998, Aunt Flo died, leaving a will to dispose of her property. Spence was one of several devisees under the will. Each of the Scotts played an integral part in the business affairs of Aunt Flo. Tom Scott, Jr., was Aunt Flo’s banker at his savings and loan bank. Tom Scott, III, was Aunt Flo’s personal attorney. Charles Christopher Scott (Charles Christopher), another of Tom Scott, Jr.’s sons, served as a co-executor of Aunt Flo’s estate, along with Byron Thomas Hetrick, the former law partner of Tom Scott, III. On August 26, 1998, Hetrick and Charles Christopher admitted Aunt Flo’s will to probate.
¶3. Spence requested an accounting of the business dealings the Scotts performed on behalf of Aunt Flo over the years. In response, the Scotts delivered a voluminous box of papers containing approximately 6,000 documents. Spence, however, complained that the documents were excessively voluminous and incoherent to a lay person.
¶ 4. Spence filed a demand for a formal accounting from Tom B. Scott, Jr. and Tom B. Scott, III[1] after the Scotts peti *298 tioned the court for an attorney’s fee in the amount of $175,000. The co-executors, Hetrick and Charles Christopher negotiated an agreement to settle the issue of the attorney’s fee for $15,000. Spence objected and pressed her demand that an accounting was the only means by which it could be determined whether the Scotts were entitled to an attorney’s fee and the amount thereof.
ANALYSIS OF THE ISSUE PRESENTED

Did the chancellor err in refusing to order an accounting?

¶ 5. This Court applies a limited standard of review to appeals from chancery court, and we will not disturb findings of the chancellor “unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard.” Goode v. Village of Woodgreen Homeowners, Ass’n, 662 So.2d 1064, 1070 (Miss. 1995).
¶ 6. Harper v. Harper, 491 So.2d 189, 200 (Miss.1986), holds that the payment of attorney’s fees is an expense of the administration of the estate that does not have to be probated and that the executor’s duty to account may be waived. However, upon a charge by the devisees of mismanagement by the executor, the chancery court may properly require an accounting.
¶ 7. In the case at bar, the duty of the executors to file an accounting was waived. Spence, a devisee under Aunt Flo’s will, charges the co-executors with mismanagement. The question for this Court then, under our previously announced standard of review, is whether the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard in finding that there was no mismanagement by the co-executors requiring an accounting. As evidence of mismanagement Spence claims that a conflict of interest exists because the co-executors are related to Aunt Flo’s attorneys either through blood or through previous employment.
¶ 8. The chancery court held that Mississippi probate law is ripe with estates which have involved relationships of the type which Spence claims to be a conflict of interest. It further held that it is common for an executor to be a relative of the decedent and common for that executor to settle claims of other relatives against the estate. Finding that there was no conflict of interest which would require the co-executors to relinquish their duties, the court denied the request for an accounting.
¶ 9. This Court cannot say under the circumstances that the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard in finding that there was no mismanagement by the co-executors requiring an accounting; therefore, his findings will not be disturbed.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY DENYING APPELLANT’S MOTION FOR AN ACCOUNTING IS AFFIRMED. ALL COSTS ARE ASSESSED TO APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR. McMILLIN, C.J., and THOMAS, J., NOT PARTICIPATING.

. As alternative relief, Spence sought a court order compelling the co-executors, Hetrick and Charles Christopher, to seek an accounting from the Scotts or that the co-executors be relieved of their duties and an administrator appointed with the authority to seek an accounting from the Scotts.