PROCEDURAL HISTORY
¶ 1. In this adverse possession case, the Peoples Bank and Trust Company and Trustee Jameson Rogers filed a complaint on behalf of the Octavia Evans Rogers Chafin Trust (Rogers). Therein Rogers sought to establish title to certain real property by adverse possession and to recover damages for the unlawful cutting of timber from this property.
¶ 2. After a four-day trial, the chancellor awarded title of the ten and one-half acres of property to Rogers. The chancellor, *Page 423 
pursuant to Mississippi Code Annotated Section 95-5-10 (Rev. 1994), also awarded Rogers damages for the timber cut by Jackson on the disputed property. Relying on the testimony of a forestry expert, the chancellor awarded Rogers $17,660.26, $15,860.26 of which represented double the market value of the trees cut, and an additional $1,800 for reforestation costs. The chancellor denied Rogers's request for statutory penalties and other fees.
¶ 3. Charles and Irene Jackson appeal to this Court arguing that the chancellor erred in awarding Rogers title to the property based on adverse possession and in awarding damages related to the award. We review this issue and find the chancellor did not err; thus, we affirm.
 FACTS
¶ 4. In 1957 Rogers obtained title to fifteen acres of a sixty-acre tract of land, and Jackson obtained title to the remaining forty-five acres. The designating line between the two tracts was a row of thirteen trees which ran north and south, all of which contained hack marks. The north one-half of the trees were denoted as "old hacked trees three hacks each." The south one-half of the trees were noted on the survey as "hacked and painted line." Jackson claims that the paint lines were not present in 1957 but appeared ten years later. A rock pile was set at Jackson's southwest corner and Rogers' southeast corner. Several people testified that the rock pile, which previously noted the corners of each property line, had been moved recently. However, others testified that the rock pile had been in the same place for decades and marked the southeast corner of Rogers's property including the disputed property. Also, there was contradicting testimony as to whether the paint on the trees was new or old.
 DISCUSSION I. DID THE CHANCELLOR ERR IN AWARDING ROGERS TITLE TO THE PROPERTY BASED ON ADVERSE POSSESSION AND IN AWARDING DAMAGES?
¶ 5. In this appeal, the Jacksons' sole contention is that the chancellor erred in awarding Rogers title to the property in question based on adverse possession and in awarding Rogers damages related to the finding of adverse possession. In reviewing the decisions of a chancellor, we look for abuse of discretion. McNeil v. Hester,753 So.2d 1057 (¶ 21) (Miss. 2000). This Court will not disturb a chancellor's findings unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard. Rice v. Pritchard,611 So.2d 869, 871 (Miss. 1992). It is not the job of this Court to redetermine questions of fact resolved by the chancellor. Johnson v.Black, 469 So.2d 88, 90 (Miss. 1985).
¶ 6. Mississippi's adverse possession statute, codified as Mississippi Code Annotated Section 15-1-13 (Rev. 2003), reads in pertinent part as follows:
 Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title. . . .
For possession to be adverse it must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Rice, 611 So.2d at 871. The burden of proof is on the adverse possessor *Page 424 
to establish by clear and convincing evidence that each element is met.Id. In most cases, the underlying question is whether the possessory acts relied upon by the would-be adverse possessor are sufficient to put the record title holder on notice that the lands are held under an adverse claim of ownership. Peagler v. Measells, 743 So.2d 389 (¶ 7) (Miss. Ct. App. 1999). Furthermore, a "land owner must have notice, actual or imputable, of an adverse claim to his property in order for it to ripen against him, and the mere possession of land is not sufficient to satisfy the requirement of open and notorious." People's Realty Dev. Corp. v.Sullivan, 336 So.2d 1304, 1305 (Miss. 1976).
¶ 7. In her opinion, the chancellor discusses at length her findings of facts and their application to the law of adverse possession. We reiterate her findings as follows. The chancellor determined that the Jacksons's metes and bounds description did not include the disputed property and relied upon Dochterman v. Marshall, 92 Miss. 747, 46 So. 542
(1908), for the proposition that the metes and bounds description of the Jacksons's deed controls over the general description. Rogers had marked the boundary of the disputed property by highly visible orange paint and had been doing so for over forty years. Britt Rogers testified that he repainted the line his father had originally painted after acquiring the property and that he had done so in the 1970s and again in 1994 or 1995. Carl Scherff, a surveyor, and Charles Carter, a forester, testified that validating a property line using orange paint was the preferred way to establish effective control of property of this nature. Carter stated that he saw the rock set and the painted line and said it looked as if the line had been there for years. Carter further testified that the property was marked and maintained in good forestry fashion. Scherff also said that he saw the painted line running north from the rock set and that it appeared as if it had been there for years. Harold Russell, a forestry consultant, testified that he had seen the rock set in the same position since the 1970s and the he helped coordinate the repainting of the disputed line with Britt Rogers in 1994 or 1995.
¶ 8. The chancellor noted Kayser v. Dixon, 309 So.2d 526 (Miss. 1975), which stated that an important question to ask is whether the person adversely claiming the property exercises the same character of control over the land as he would toward property actually his "and which he would not have exercised over property which did not belong to him," in determining that Rogers treated the disputed property as his own. Rogers inspected the property twice a year and regularly inspected for insect and beaver infestation just as he did to his other property in the county. Rogers also painted the boundary lines on the disputed property the same way he painted the boundary lines on his other property in the county. The chancellor also mentioned that no one lives on either property owned by Jackson and Rogers and that the property in question does not have maintained roadways or other improvements. Rogers does allow people to hunt on his property.
¶ 9. We note that Jackson filed a counter-claim for adverse possession of a portion of Rogers's property and lost proceeds for timber cut by Rogers, supposedly in the last ten years, on the disputed property. However, the chancellor stated that, "Although Jackson recognizes the act of ownership exhibited by painting lines across trees as seen by his counter-claim of adverse possession, he offered no testimony or other proof that he had ever painted and maintained any lines between his property and that of Rogers." Furthermore, after the timber was cut, Jackson *Page 425 
made no complaint to Rogers, only advancing the issue in his counter-claim. On the other hand, when Jackson cut the timber, Rogers promptly notified Jackson that the timber should not be cut past the eastern line of the disputed property.
¶ 10. In looking at the facts we cannot say that the chancellor abused her discretion in awarding title to the property to Rogers by adverse possession. Furthermore, as we affirm the chancellor's ruling on this matter, we also find that awarding damages for the timber cut on Rogers's property was appropriate.
¶ 11. THE JUDGMENT OF THE ITAWAMBA COUNTY CHANCERY COURT IS AFFIRMED.STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL AREASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, IRVING,MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.