904 So.2d 212 (2005)
Dr. Simpson GRAY, Appellant,
v.
Lillian Gray CALDWELL, Caldwell-Gray, Inc., The Caldwell Family Trust, Communisite Tower, and Tower Rentals of America, LLC., Appellees.
No. 2003-CP-00612-COA.
Court of Appeals of Mississippi.
June 14, 2005.
*213 Simpson Gray, appellant, pro se.
Kathleen Fitzgerald Treadwell, Douglas E. Hassell, Vicksburg, Attorneys for Appellees.
Before KING, C.J., CHANDLER and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Dr. Simpson Gray appeals the refusal of the Warren County Chancery Court to set aside a deed executed by Gray to his aunt, Lillian Gray Caldwell. The issues raised by Dr. Gray are as follows:
I. Whether Daniel L. Caldweld's [sic] testimony that he did not discuss the Tower Leases with Dr. Gray because he felt the conveyance would be based on an alleged verbal agreement made between Lillian Gray Caldweld [sic] and Harry J. Gray her brother is credible.
II. Whether the decision by the trial court denying the motion [to] vacate and set aside the deed conveyance based on fraud, in violation of Mississippi State Law, was not based on substantial evidence and therefore error.
III. Whether there is sufficient and credible evidence in the record to establish that the deed conveyance was based on intentional and material misrepresentations, omissions, failure to disclose, breach of duty and trust for the sole purpose of procuring Dr. Gray's interest in the land.
IV. Whether the trial court's refusal to either sustain appellant's objection to the cross examination by Mr. Sessums, or to strike it was error as a matter of law.
¶ 2. This Court finds no merit to these issues and affirms the decision of the chancery court.

FACTS
¶ 3. On February 19, 2002, Lillian Gray Caldwell, Caldwell-Gray, Inc., The Caldwell Family Trust, Communisite Tower and Tower Rentals of America, LLC, filed *214 in the Chancery Court of Warren County, Mississippi a complaint to confirm title to real property. Process was issued, according to law, for all known and unknown heirs. On February 21, 2003, Dr. Simpson Gray, one of the heirs, was permitted to intervene. In 2001, Dr. Gray had executed a deed, which conveyed to his aunt, Lillian Gray Caldwell, his interest in the subject real property. As a part of intervention, Dr. Gray moved to set aside the deed executed by him in favor of Lillian Gray Caldwell.
¶ 4. The property, which is the subject of this action, was heir property. This property was owned by the parents of Lillian Gray Caldwell. Her parents died intestate leaving their thirteen children to share in the property. Mrs. Lillian Gray Caldwell has resided on family property since 1921. The parcel of land in dispute is located in Warren County and is comprised of 6.3 acres. In an effort to obtain complete ownership of the property, Mrs. Caldwell had attempted to purchase the respective interests of her siblings.
¶ 5. Dr. Gray's father, Harry James Gray, was the brother of Mrs. Lillian Gray Caldwell. According to Daniel Caldwell, the son of Lillian Gray Caldwell, his mother and Harry James Gray made a verbal agreement, by which he would convey his interest in the land to Mrs. Caldwell for $600. This transaction did not occur prior to the death of Harry James Gray. At Harry Gray's death, his six children inherited his interest in the land. Between 1974 and 2000, Mrs. Caldwell unsuccessfully attempted on several occasions to acquire the interest of her siblings or their children in the family property.
¶ 6. In February 2000, Daniel Caldwell contacted the appellant, Dr. Simpson Gray, via e-mail, thereby igniting a series of correspondences and telephone conversations through the ensuing months. Dr. Gray eventually agreed to convey to Lillian Gray Caldwell his 1/6 interest in the interest of Harry James Gray, for $100, plus the accrued interest from 1980 to 2000. The deed was executed, and Dr. Gray was given $400 for his interest.
¶ 7. Subsequent to his conveyance, Dr. Gray learned in a conversation with his sister, Dawn Williams, at a family reunion, that the property was being leased to Communisite Towers, a telecommunications company. Likewise, Dr. Gray learned that this action had been filed, and his siblings had been named among the defendants.

ISSUES AND ANALYSIS
¶ 8. While Dr. Gray has raised several issues, the ultimate question in this case is whether the chancellor abused her discretion in failing to set aside the deed from Dr. Gray to Lillian Gray Caldwell.
¶ 9. We note at the outset that the chancellor sits as the trier of fact, and matters regarding the credibility of witnesses, and the weight to be accorded the testimony of each is left to her sound discretion. "A chancellor sits as a fact-finder and in resolving factual disputes, is the sole judge of the credibility of witnesses." Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994). Where those findings are supported by substantial evidence, this Court is bound by them, even where it might have otherwise resolved the issues in the first instance. Martin v. Coop, 693 So.2d 912, 915 (Miss.1997).

Fraud, Misrepresentation, Omissions
¶ 10. Dr. Gray asks this Court to find that he was fraudulently induced by a cotenant to sell his interest in the family property, and that the deed should be set aside.
*215 ¶ 11. The sharing of the property between Dr. Gray and Lillian Caldwell was that of cotenants. We note that "[b]ecause of the mutuality of their interests, possession and obligations, the relationship between cotenants is confidential and fiduciary in nature [and] [e]ach has a duty to sustain, or at least not to assail, the common interest, and to sustain and protect the common title. It is a relationship of trust and confidence between co-owners of property." Nichols v. Gaddis & McLaurin, Inc., 222 Miss. 207, 221, 75 So.2d 625, 629 (1954)(citing 86 C.J.S., Tenancy in Common, § 17).
¶ 12. However, "[i]n transactions of sale of their interests, cotenants do not stand in a relationship of mutual trust and confidence toward each other, but deal as adverse parties." Conner v. Conner, 238 Miss. 471, 515, 119 So.2d 240, 260 (1960). Because there existed no fiduciary duty as relates to the sale, Gray must prove fraud by clear and convincing evidence. Southeastern Medical Supply, Inc. v. Boyles, Moak & Brickell Insurance, Inc., 822 So.2d 323(¶ 29) (Miss.Ct.App. 2002). To prove fraud, Gray must show by clear and convincing evidence, (1) a representation, (2) that is false, (3) that is material, (4) that the speaker knew was false or was ignorant of the truth, (5) the speaker's intent that the listener act on the representation in the manner reasonably contemplated, (6) the listener's ignorance of the statement's falsity, (7) the listener's reliance on the statement as true, (8) the listener's right to rely on the statement, and (9) the listener's proximate injury as a consequence. In re Estate of Law, 869 So.2d 1027(¶ 4) (Miss.2004).
¶ 13. The evidence presented to the chancellor showed that for a period of not less than twenty years, the Caldwells had contacted the Grays and represented that an oral agreement to sell the interest in the family land had been made between Mrs. Caldwell and her brother. Throughout that period, the Caldwells had requested that the Grays complete the agreement. Throughout this period the Grays, including Dr. Gray, had declined to sell their respective interests.
¶ 14. In February 2000, Daniel Caldwell contacted Dr. Gray via e-mail, thereby igniting a series of correspondences and telephone conversations over a period of several months. These communications were consistent with those which had taken place over a period of at least twenty years. These communications represented the existence of an oral agreement to sell, and requested that the oral agreement be honored. There is no evidence in the record before this Court that the Caldwells misrepresented any fact for the purpose of obtaining the interests of Dr. Gray.
¶ 15. While it is true that the existence of the lease may have impacted the value of the real property, there is nothing which indicates it was concealed for the purpose of obtaining title to Dr. Gray's interest. The record is undisputed that for at least twenty years, the Caldwells sought to have the Grays honor a very specific oral agreement to sell. Among the elements of fraud are (1) an active misrepresentation, and (2) an intent that the hearer rely and act on that misrepresentation to his detriment. Because neither of these two elements was proven, it is unnecessary to consider the others.
¶ 16. The decision of the Warren County Chancery Court was supported by substantial evidence, and a correct application of the law. This issue is without merit.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*216 BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.