924 So.2d 592 (2006)
Myrtle Irene COOK, Appellant
v.
Fred H. ROBINSON and Dianne A. Robinson, Appellees.
No. 2004-CA-01340-COA.
Court of Appeals of Mississippi.
March 14, 2006.
*593 John T. Armstrong, Hazlehurst, Christopher Andrew Arledge, attorneys for appellant.
Joe Dale Walker, Monticello, attorney for appellees.
Before KING, C.J., BARNES and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. In June of 2002, Fred and Dianne Robinson filed a complaint against Myrtle Irene Cook in the Jefferson Davis County Chancery Court. In their complaint, Fred and Dianne sought to quiet title to 7.61 acres of real property. Ms. Cook responded with an answer and a counterclaim. By her counterclaim, Ms. Cook alleged that she acquired title to the property by adverse possession. On October 28, 2003, the Robinsons and Ms. Cook presented their cases before the Jefferson Davis County Chancery Court. At the conclusion of the proceedings, the chancellor viewed the property and took the matter under advisement. On June 3, 2004, the chancellor recorded his final judgment.
¶ 2. According to the chancellor's final judgment, "there was a dry creek bed or gully situated in the property in question that would have prevented a fence being placed directly on the line in question." Further, the chancellor's found that Ms. Cook planted trees along a road situated near the property. Consequently, the chancellor found that Ms. Cook acquired title to a portion of the land by adverse possession. As for the remainder of the property at issue, the chancellor held that *594 Ms. Cook did not adversely possess that property. Thus, the chancellor quieted title in favor of the Robinsons.
¶ 3. Aggrieved by the chancellor's ruling, Ms. Cook appeals and raises three "points." Put briefly, Ms. Cook claims that the chancellor erred when he awarded her a portion of the property, but not the whole. Ms. Cook remains adamant that she acquired title to all the property by way of adverse possession. Finding no error in the chancellor's decision, we affirm.

FACTS
¶ 4. In 1937, two brothers, John F. Smith and Houston Smith, acquired title to 120 acres in Jefferson Davis County. John predeceased Houston and, in 1970, Houston split the property into two parcels. Houston kept the north half of the property. As for the south half, Houston conveyed that parcel to Edna Smith, John's widow.
¶ 5. In 1972, Edna conveyed her parcel to Luther Steverson. In 1977, Houston built a fence to separate the two parcels along the boundary line. Houston Smith died in 1978. Houston's daughter, Myrtle Irene Cook, inherited Houston's parcel.
¶ 6. In 2000, Luther Steverson conveyed his parcel to Durham Auctions. The week before he actually sold his parcel, Luther and the Cooks measured their property line. They determined that Houston's 1977 fence was not on the boundary line. Durham Auctions had the south parcel surveyed. In 2000, Durham Auctions sold the south parcel of land to Fred and Dianne Robinson.
¶ 7. After the Robinsons bought the property, Fred called Ms. Cook and told her that he intended to build a new fence along the proper boundary line, as set by the most recent survey. Fred put the fence s up, but Ms. Cook took them down. On April 5, 2001, the Robinsons had their property surveyed by Speights Engineering. That survey showed that the 1977 fence was not on the boundary line.
¶ 8. In June of 2002, the Robinsons filed a complaint to quiet title to 7.61 acres. As mentioned, Ms. Cook counterclaimed and alleged that she acquired title to the property by adverse possession. The chancellor entered his judgment and found that Ms. Cook acquired title to some, but not all of the 7.61 acres by adverse possession. According to Ms. Cook's brief, the chancellor awarded her approximately forty percent of the contested property. Aggrieved, Ms. Cook claims that she adversely possessed all of the 7.61 acres.

STANDARD OF REVIEW
¶ 9. This Court has a limited standard of review in examining and considering the decisions of a chancellor. Ellison v. Meek, 820 So.2d 730(¶ 11) (Miss.2002). "When reviewing a chancellor's decision, we will accept a chancellor's findings of fact as long as the evidence in the record reasonably supports those findings. In other words, we will not disturb the findings of a chancellor unless those findings are clearly erroneous or an erroneous legal standard was applied." Peagler v. Measells, 743 So.2d 389(¶ 6) (Miss.Ct.App.1999). "The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony." Ellison, 820 So.2d at (¶ 11). The standard of review for questions of law is de novo. Id.

ANALYSIS

I. DID MS. COOK ACQUIRE TITLE TO [THE ENTIRE PROPERTY] BY ADVERSE POSSESSION?
¶ 10. Our legislature provided a definition of adverse possession at Section 15-1-13(1) *595 of the Mississippi Code. According to that definition, "[t]en (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title . . . ." Miss.Code Ann. § 15-1-13(1) (Rev.2003).
¶ 11. Our supreme court has firmly established the following six essential elements which must be met in order to successfully make a claim of adverse possession: the property must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Ellison, 820 So.2d at (¶ 13). The burden of proof is on the adverse possessor to show by clear and convincing evidence that each element is met. Id.
¶ 12. "In most cases, the underlying question is whether the possessory acts relied upon by the would-be adverse possessor are sufficient to put the record title holder upon notice that the lands are held under an adverse claim of ownership." Id. at (¶ 14). "[M]ere possession is not sufficient to satisfy the requirements of open and notorious possession." Id. The adverse possessor must "fly the flag over the land and put the true owner upon notice that his land [is] held under an adverse claim of ownership." Id.
¶ 13. Ms. Cook submits that she possessed the land under a claim of ownership when her father built the barbed wire fence in 1977. At trial, Buddy Steverson disagreed with Ms. Cook's characterization of the 1977 fence. According to Ms. Cook, that fence was intended to distinguish the borders of their properties. According to Mr. Steverson, the fence was not built to delineate their two properties. Rather, the fence was built to separate their cattle. Clearly, there was a dispute as to the character of the fence. The chancellor weighed the conflicting testimony and determined that the mere existence of the fence did not, in and of itself, establish adverse possession on Ms. Cook's behalf. "[T]he mere existence of a fence near the actual boundary line does not establish that the fence is the accepted boundary between the properties." Ellison, 820 So.2d at (¶ 16). As in Ellison, the chancellor found that Ms. Cook did not prove by clear and convincing evidence that, when Ms. Cook's father erected the fence, that act established that the property was exclusive to the Cooks or Mr. Steverson, or that Ms. Cook made a claim to ownership. What is more, after the chancellor inspected the property, the chancellor held that "there was a dry creek bed or gully situated in the property in question that would have prevented a fence being placed directly on the line in question." As such, we cannot conclude that the chancellor was clearly erroneous, or that he applied an improper legal standard.
¶ 14. To establish the next two elements, possession that is actual or hostile and possession that is open, notorious, and visible, Ms. Cook notes that she (a) planted timber on part of the land on the west side of the disputed property, (b) walked on the property, (c) her family members hunted on the land, (d) Mr. Steverson raised cattle and cut hay on the south side of the fence, (e) in 1995, Mr. Steverson sold the timber on the South side of the fence, and (f) after 1995, nearly all the property south of the fence was an open pasture. The chancellor found that Ms. Cook removed trees and planted trees on a portion of the property in question which was situated along a road. The *596 chancellor held that the act of cutting and planting pine trees resulted in Ms. Cook's adverse possession. However, where Ms. Cook did not cut or plant pine trees, the chancellor held that Ms. Cook did not adversely possess that property. There is substantial evidence in the record that supports the chancellor's findings of fact. Accordingly, we find no error in the chancellor's decision.
¶ 15. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.