KING, C.J.,
for the Court.
¶ 1. John R. Harrison and James A. Mims, Jr., appeal the Webster County *931 Chancery Court’s decision to reform deeds, confirm title, and remove cloud from title. On appeal, Harrison and Mims raise the following issue, stated verbatim:
Whether the lower court was manifestly in error in holding that there was no mutual mistake in the land description in the deed and that Mr. Harrison intended to convey to [Bobby Joe] Roberts “all lands south of the road” whether it contained more than 30 acres or not and, therefore, Harrison and Mims were not entitled to equitable relief.
Finding no error, we affirm the chancellor’s judgment.
FACTS
¶2. Harrison and Bobby Joe Roberts owned adjoining properties in Webster County, Mississippi. Harrison owned 40 acres, which were located in the West Half of the Northwest Quarter of Section 30, Township 20 North, Range 11 East. Roberts, who was Harrison’s second cousin, approached Harrison about buying this 40-acre tract. Harrison declined to sell the entire tract, but agreed to sell that portion of his property that ended at the southern right-of-way of a public road. The parties believed that this tract of land contained 30 acres. Therefore, they agreed upon a sales price of $15,000, based on $500 per acre.
¶ 3. On April 17, 2003, Harrison executed a warranty deed that conveyed to Roberts that portion of his property which stopped at the southern right-of-way of a public road. In an effort to save money, the parties declined to have the land surveyed to get an exact description of the property being sold or to determine the exact acreage contained in the tract of land. However, a subsequent survey revealed that the tract of land described in the April 17, 2003, deed to Roberts actually contained 35.46 acres.
¶ 4. On July 8, 2005, Harrison executed a deed in an attempt to convey the remaining 10 acres of his 40 acre tract, to Mims. When Mims sought to have this deed recorded, he discovered that Harrison had actually conveyed 35.46 acres to Roberts so that the deed to him only conveyed 4.54 acres.
¶ 5. The April 17, 2003, deed was prepared by Charles D. “Pete” Fortner. Upon discovering the discrepancy, Harrison and Mims met with Attorney Fortner, who assured Harrison and Mims that he would correct the problem.
¶ 6. On July 13, 2005, without Roberts’s knowledge, Harrison executed and recorded a “Corrected Warranty Deed” to Roberts. This deed changed the description of the property being conveyed to Roberts so that it would, in fact, be approximately 30 acres. On this same day, Harrison executed and recorded a “Corrected Warranty Deed” to Mims. This deed changed the description of the property being conveyed to Mims so that it, in fact, would be approximately 10 acres. Each “Corrected Warranty Deed” was prepared and notarized by Attorney Fortner.
¶ 7. In late August 2005, Roberts saw a woman cutting hay on his property. She directed Roberts to speak with Mims. Mims informed Roberts that corrected deeds had been executed and recorded on July 13, 2005. Upon discovering the two corrected deeds, Roberts filed an action to reform the deeds, confirm title, and remove cloud from title. After a trial on the matter, the chancellor found that Harrison had intended to sell and Roberts had intended to purchase the portion of Harrison’s 40-acre tract that was bounded on the north by the southern right-of-way of a public road. Thus, the chancellor granted the requested relief.
*932 ¶ 8. Aggrieved by the chancellor’s decision, Harrison and Mims now appeal.
STANDARD OF REVIEW
¶ 9. There is a limited standard of review applied to appeals from chancery courts. Spence v. Scott, 806 So.2d 296, 298 (¶ 5) (Miss.Ct.App.2001). The chancellor’s findings will not be disturbed by the appellate court when they are supported by substantial, credible evidence, unless the chancellor’s findings are an abuse of discretion, manifestly wrong, clearly erroneous, or the result of an erroneously applied legal standard. Williams v. King, 860 So.2d 847, 849 (¶ 8) (Miss.Ct.App.2003). It is not the responsibility of this Court to redetermine questions of fact that have been resolved by the chancellor. Jackson v. Peoples Bank & Trust Co., 869 So.2d 422, 423 (¶ 5) (Miss.Ct.App.2004).
ANALYSIS
¶ 10. Harrison and Mims argue that the chancellor’s decision is against the weight of the evidence, and it is, therefore, an abuse of discretion. Roberts counters that this appeal is procedurally barred because Harrison and Mims failed to file a motion for a new trial pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. We agree that Harrison and Mims, pursuant to Rule 59, should have filed a motion for a new trial. Graves v. Dudley Maples, L.P., 950 So.2d 1017, 1021 (¶¶15-16) (Miss.2007).
¶ 11. The issue in this case is one of fact, rather than law. The chancellor sits as the trier of fact, and in doing so, also resolves matters of credibility. Gray v. Caldwell, 904 So.2d 212, 214 (¶ 9) (Miss. Ct.App.2005). This Court defers to a chancellor’s findings of fact where they are supported by substantial, credible evidence. Id. Reading of the record, we find substantial, credible evidence that supports the chancellor’s decision.
¶ 12. The chancellor’s opinion provided a very detailed review of the evidence, and he stated his findings with great clarity. Among those findings, the chancellor noted that it was Harrison’s and Roberts’s original intent to contract for the sale of 30 acres at a price of $15,000 was based upon their agreement to provide for the purchase of that portion of Harrison’s property that was bounded on the north by the southern right-of-way of a public road. Neither party knew the exact acreage of land to be conveyed since they each declined to get a survey. However, they agreed that the property to be sold was bounded by the southern right-of-way of a public road.
¶ 13. Further, the deed conveying the property to Roberts contained a metes and bounds description, as well as an amount of acreage. Generally, “the canons of construction for deeds make specific boundaries control over acreage and fractions of property.” Estate of DeLoach v. DeLoach, 873 So.2d 146, 153 (¶26) (Miss.Ct.App.2004). This premise is supported by the fact that the deed stated that the description contained “30 acres, more or less.” In addition, the chancellor found that the additional 5.46 acres covered by the description did not cause the contract to become unconscionable, since it would have been only an 18.2 % increase in the purchase price at $500 an acre. This is especially true as a survey of the property would have been around $1,000 compared to the $2,730 for the additional 5.46 acres.
CONCLUSION
¶ 14. There is substantial and credible testimony in the record that supports the chancellor’s findings. In addition, the finding is also supported by the general principle that specific boundaries control *933 over acreage. Accordingly, given this Court’s standard of review, we are obligated to affirm the chancery court’s decision to reform the deeds, confirm title, and remove cloud from title.
¶ 15. THE JUDGMENT OF THE WEBSTER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.