ROBERTS, J.,
for the Court:
¶ 1. At issue in this appeal is a dispute over three pieces of property with a duplex on each piece of property, all located in Hinds County, Mississippi. Terry and Christine Henley, the original owners of the property, sought relief in the Hinds County Chancery Court following the foreclosure sale of one piece of their property that, due to an error in the legal description of the property, appeared to convey all three pieces of property to Rico and Alanna Wright. The Henleys were grant *1168 ed relief, and the Wrights appeal, arguing that the chancery court erred in reforming the deed in favor of the Henleys and awarding the Henleys damages. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. In 2004, the Henleys purchased three duplexes on Myer Avenue in Jackson, Mississippi. The addresses of these duplexes are 444/446 Myer Avenue, 450/452 Myer Avenue, and 454/456 Myer Avenue. The Henleys financed each duplex separately using three different financial institutions. People’s Choice Home Loan provided the Henleys financing for the 450/452 Myer Avenue duplex; Encore Credit Corporation provided financing for the 444/446 Myer Avenue duplex; and New Century Mortgage Corporation provided financing for the 454/456 Myer Avenue duplex. Attorney Dale Schwindaman conducted the closing on the three loans, and he prepared a deed of trust for each duplex; however, the legal description attached to each deed of trust describes all three duplexes. Schwindaman testified at his deposition that “[t]here were three sets of duplexes that were contained on this same legal description. We erroneously attached the same legal description to all three of the deeds of trust....”[1]
¶ 3. People’s Choice assigned its deed of trust in 450/452 Myer Avenue to Deutsche Bank National Trust Company. And in January 2007, this deed of trust was foreclosed, and the incorrect legal description was included in the substitute trustee’s deed to Deutsche/Countrywide. Shortly thereafter, Select Realty was chosen as the marketing broker for the 450/452 Myer Avenue duplex. Select Realty realtor Thomas Washington listed that duplex on the Multiple Listing Service (MLS) listing and placed a “For Sale” sign in front of only that duplex. The 450/452 Myer Avenue duplex was the only one of the three duplexes that had a lock box. Washington did not list the other two duplexes on the MLS or place signs in front of them.
¶ 4. The Wrights put in an offer of $49,500 to buy the listed property, and the offer was accepted. The Wrights issued a $1,000 check to Select Realty as earnest money for the 450/452 Myer Avenue duplex. However, after executing the contract and paying earnest money, the Wrights discovered that the taxes on the property were higher than they expected. They learned that the property description in the deed of trust actually described all three duplexes. No evidence exists in the record indicating that the Wrights hired an attorney prior to closing to check title on the duplex they intended to purchase. The Wright transaction closed on October 31, 2007. Thinking they now owned all three duplexes, the Wrights began accepting rental payments from all three duplexes.
¶ 5. The Henleys then filed a motion to set aside the foreclosure, to set aside the substitute trustee’s deed and special warranty deed, and a request for injunctive relief and damages. The Henleys also filed an emergency motion for a temporary restraining order. The order was granted and ordered the Wrights to put all rents collected from the tenants, from the date of the foreclosure, into the chancery court’s registry. The Wrights were also ordered to not remove items from the duplexes and to return any items that had been taken.
*1169 ¶ 6. On September 19-20, 2011, the chancery court held a trial on the merits. After hearing the evidence and testimony, the chancery court ordered that the mistake in the deed description be reformed to reflect that the Wrights owned 450/452 Myer Avenue only, and “all rents paid prior to the posting of the bond and all rents currently held by the Hinds County Chancery Clerk be released to the Hen-leys with the Henleys hereby awarded a judgment for the same against the Wrights and with the Wrights hereby ordered to pay to the Henleys such sums not held by the [chancery court].”
¶ 7. The Wrights filed a motion to alter or amend the judgment. The chancery court granted the Wrights partial relief by reducing the sum they owed to the Hen-leys by $7,041.98 for the Wrights’ payment of property taxes and insurance on 454/456 Myer Avenue and 444/446 Myer Avenue. Still aggrieved, the Wrights filed their notice of appeal.
¶ 8. The Wrights argue on appeal the chancery court erred in reforming the deeds to correct the property description because they were bona fide purchasers without notice and the deed should have been construed in their favor. Additionally, the Wrights argue that the chancery court erred in awarding the Henleys damages because it unjustly enriches the Hen-leys, and because the chancery court’s award was too vague to be enforceable.
STANDARD OF REVIEW
¶ 9. In appeals from chancery courts, this Court employs a limited standard of review. Harrison v. Roberts, 989 So.2d 930, 932 (¶ 9) (Miss.Ct.App.2008) (citing In re Estate of Holt, 806 So.2d 296, 298 (¶ 5) (Miss.Ct.App.2001)). “The chancellor’s findings will not be disturbed by the appellate court when they are supported by substantial, credible evidence, unless the chancellor’s findings are an abuse of discretion, manifestly wrong, clearly erroneous, or the result of an erroneously applied legal standard.” Id. (citing Williams v. King, 860 So.2d 847, 849 (¶8) (Miss.Ct.App.2003)).
ANALYSIS
I. REFORMATION OF THE DEED
¶ 10. The primary issue the Wrights raise on appeal is that the chancery court erred in reforming the deed. They assert that reformation of a deed has been considered an extreme remedy that should not have been utilized in this case because any mistake in the deed should have been construed in their favor and because they were bona fide purchasers without notice.
¶ 11. A bona fide purchaser has been defined to be a person “who has in good faith paid a valuable consideration without notice of the adverse rights of another.” Simmons v. Miss. Transp. Comm’n., 717 So.2d 300, 303 (¶ 13) (Miss.1998) (quoting Giesbrecht v. Smith, 397 So.2d 73, 77 (Miss.1981)). In regard to whether a person has notice of an adverse right, the Mississippi Supreme Court has stated:
A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but he is also bound to take notice of and to fully explore and investigate all facts to which his attention may be directed by recitals in said conveyance contained. The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grant- or — either immediately or remote — if such deeds or conveyances in any way affect his title. And if in any such deed or conveyance there is contained any recital sufficient to put a reasonably pru *1170 dent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation.
Smalley v. Rogers, 232 Miss. 705, 712-13, 100 So.2d 118, 121 (1958) (quoting Adams v. Hill, 208 Miss. 341, 345, 44 So.2d 457, 459 (1950)). “A valuable consideration is paid by one who, at the time of his purchase, advances a new consideration, surrenders some security, or does some other act which, if his purchase were set aside, would leave him in a worse position than that which he occupied before the purchase.” Buckley v. Garner, 935 So.2d 1030, 1032 (¶ 8) (Miss.Ct.App.2005) (citation omitted).
¶ 12. We conclude that the chancellor did not abuse his discretion when he found that the Wrights were not bona fide purchasers. The Wrights initially intended to buy only 450/452 Myer Avenue, as evidenced by the fact that this was the only property listed for sale; the Wrights’ offer was only for one unit; they only paid the value of one unit; the contract for purchase listed 450/452 Myer Avenue and not' the neighboring properties; the earnest-money check the Wrights provided indicated it was for 450/452 Myer Avenue; and the Wrights only inspected 450/452 Myer Avenue prior to putting in an offer, as opposed to inspecting the neighboring properties as well. Additionally, there were several other documents at closing that listed the property being purchased as 450/452 Myer Avenue. Upon learning that the taxes were abnormally high for 450/452 Myer Avenue, the Wrights discovered that the property description included the two neighboring properties, also containing duplexes. At this point, the Wrights were put on notice that there was potentially an issue with the title that must be investigated. While the Wrights did inquire into this issue with Select Realty and Countrywide, a more diligent and thorough investigation would have yielded a discovery that the property description was erroneous and that two other lending institutions had liens on the neighboring properties. The chancery court found that the Wrights “had not bargained for, contracted for, or expected to receive title to any property except 450/452 Myer Avenue.” We agree and conclude that the Wrights were not bona fide purchasers.
¶ 13. . Additionally, we find that the chancery court did not err in reforming the deed to reflect a correct property description. The Mississippi Supreme Court has stated that “a court of equity has power to reform a deed so that it will conform to the real intention of the parties.” Smalley, 232 Miss. at 711, 100 So.2d at 120 (quoting McAllister v. Richardson, 103 Miss. 418, 431, 60 So. 570, 571 (1913)). The deed was reformed to show that the Wrights owned 450/452 Myer Avenue as was the original intention of the transaction.
¶ 14. Finding no error, we affirm the chancery court’s reformation of the deed to correct the erroneous property description and restore title for the two neighboring duplexes to the Henleys.
¶ 15. We find this issue to be without merit.
II. DAMAGES
1Í16. The Wrights also assert that the chancery court erred in awarding the Henleys damages, because it resulted in unjust enrichment in favor of the Henleys. The Wrights also argue that the chancery court’s award was too vague to properly enforce.
¶ 17. In its final judgment, the chancery court held that the “diversion of rents (that being a total of $1,000 per month since the transfer of the property) resulted in an improper transfer of funds, and it is *1171 ordered that all rents paid prior to posting of the bond and all rents currently held by the Hinds County chancery clerk be released to the Henleys with the Henleys hereby awarded a judgment for the same against the Wrights and -with the Wrights hereby ordered to pay the Henleys such sums not held by the [chancery court].” The chancery court then amended its final judgment to reflect that the amount owed by the Wrights should be reduced by $7,041.98 for property taxes and insurance paid on 454/456 Myer Avenue and 444/446 Myer Avenue.
¶ 18. The Wrights submit that the Henleys would be unjustly enriched because the Wrights maintained the property during the pendency of the litigation, resulting in costs totaling $26,629.85. Unjust enrichment “applies to situations where there is no legal contract^] but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should ... refund the money or the use value of the property to the person to whom in good conscience it ought to belong.” Dew v. Langford, 666 So.2d 789, 745 (Miss.1995) (quoting Hans v. Hans, 482 So.2d 1117, 1122 (Miss.1986)). In its order on the Wrights motion to alter or amend the judgment, the chancery court, after two hearings, granted the Wrights $7,000 in relief for property insurance and property taxes paid, but it denied the Wrights’ claims for unjust enrichment, finding that “to void the judgment is not in the interests of equity.” We do not find that the chancery court abused its discretion in denying the Wrights’ claim.
¶ 19. Next, while the Wrights are correct in that the judgment does not contain a specific monetary value, the chancery court did find that damages would be in the amount “of $1,000 per month since the transfer of the property.” A calculation of the number of months since the transfer multiplied by $1,000, with $7,041.98 subtracted from that initial amount, would provide the amount of damages. Thus, we find that the judgment entered is not too vague to be enforceable as the Wrights claim. .
¶ 20. We find this issue to be without merit.
¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR. JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.

. The Henleys dismissed their claims against the Schwindaman Law Firm PLLC and Dale Schwindaman Jr. on August 23, 2010. The Wrights also sued Schwindaman and his law firm, but summary judgment was granted in favor of Schwindaman and his law firm.